IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DANIEL KISSICK, individually and on behalf

of all others similarly situated,

                            Plaintiff,

    v.

AMERICAN RESIDENTIAL SERVICES,

INC.,

                            Defendant.

Case No.  2:19-cv-02459-SHL-tmp

## JOINT SCHEDULING REPORT

Plaintiff Daniel Kissick and Defendant American Residential Services, Inc. ("ARS" or "Defendant") (collectively the "Parties") hereby submit this Discovery Planning Report.

    A.    **Procedural Posture**

This matter was recently transferred from the United States District Court for the Central District of California.  Defendant has filed a motion to dismiss.  Plaintiff's response to the motion to dismiss is due August 29, 2019.

    B.    **Disclosures**

The Parties' respective proposals regarding Rule 26(a) disclosures are set forth in the proposed scheduling order.

    **C.**    **Amendment Of Pleadings And Joinder Of Additional Parties**

Plaintiff does not intend to amend the complaint or join additional parties unless discovery reveals third-party involvement in the conduct alleged in the complaint, in which case an amended complaint, or a motion for leave to amend, would be filed promptly upon discovery of such third-parties. The Parties' respective proposals regarding deadlines are set forth in the proposed scheduling order.

    **D.**    **Motions To Dismiss**

The Defendant filed a Motion to Dismiss Plaintiff's complaint on August 1, 2019. Plaintiff intends to file an opposition to Defendant's motion on August 29, 2019 pursuant to Local Rule 12.1.

    **E.**    **Alternative Dispute Resolution**

At this stage, it is difficult to gauge the prospects for settlement in this case. The parties intend to explore settlement in good faith, both informally and through formal mediation, depending on how the case progresses as set forth in the proposed parties' respective positions in the proposed scheduling order. If ADR is warranted, the parties intend to use a private mediator.

    **F.**    **Discovery**

No formal discovery has been taken to date, although ARS has previously provided two declarations to Plaintiff. Except as noted below or in the Rule 26 Report, the Parties propose that they conduct discovery according to the Federal Rules of Civil Procedure and the Local Rules. As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery"). A complete agreement as to the anticipated scope, conduct, and method of production of e-discovery has not yet been reached but they will endeavor in good faith to do so and contact the Court if necessary.

The parties agree that inadvertent disclosures of material covered by the attorney-client

privilege or work product protection shall be governed by Federal Rule of Evidence 502.

<u>Plaintiff's Further Position</u>

Plaintiff anticipates that discovery will be needed on at least the following subjects: (1) Defendant's use of an automatic telephone dialing system; (2) Defendant's failure to obtain prior express written consent before calling consumers; (3) Defendant's procedures for ensuring compliance with the TCPA; and (4) the identities of consumers improperly contacted by Defendant, including Defendant's call logs. Neither a stay nor bifurcation is called for in this case.

<u>Defendant's Further Position</u>

As set forth in the proposed scheduling order and Defendant's forthcoming motion to stay and bifurcate discovery, Defendant believes that in the unique circumstances of this case discovery should not proceed until the Court has an opportunity to rule on the pending motion to dismiss and, in all events, should be bifurcated. When discovery proceeds, it should be bifurcated, with an initial phase of discovery that is limited to the following issues (subject to Defendant's position as set forth in the proposed scheduling order):

1. Whether Defendant ARS placed any telephone call to Plaintiff Daniel Kissick's cellular telephone number.
2. Whether Defendant ARS directed any other person or entity to place any telephone call to Plaintiff Daniel Kissick's telephone number.
3. The content of any such calls.

**G.  Scheduling**

<u>Plaintiff's Position</u>

Plaintiff proposes the following deadlines for the case:

- End of fact discovery: March 5, 2020.

- Document production and interrogatories:  March 5, 2020 or at intervals during the discovery period pursuant to Fed. R. Civ. P. 33 and 34.
- Depositions and requests for admission:  March 5, 2020 or at intervals during the discovery period.
- March 6, 2020: deadline for Plaintiff's Motion for Class Certification;
- March 27, 2020: deadline for Defendant's Opposition to Plaintiff's Motion for Class Certification; and
- April 10, 2020: deadline for Plaintiff's Reply in Support of Class Certification.
- Deadline to exchange expert disclosures and reports:  May 14, 2020.
- Deadline to exchange supplemental expert disclosures and reports: June 11, 2020.
- Expert discovery cut-off:  June 25, 2020.
- Deadline to file *Daubert* motions and dispositive motions:  July 16, 2020.
- Joint Proposed Pretrial Order:  September 3, 2020.
- Pretrial Conference Date:  September 10, 2020.
- Jury Trial:  October 5, 2020 at 9:30 am.  Trial is anticipated to last approximately 7 days.
- The proposed briefing schedule for Plaintiff's motion for class certification is detailed in Section H below, *see infra*.

Defendant's Position

As set forth in Defendant's forthcoming motion to stay and bifurcate discovery, Defendant respectfully submits deadlines for this case should be set after the Court has an opportunity to rule on the motion to dismiss and that no discovery should take place until after the Court issues a ruling on the pending motion to dismiss.  Prior to filing its original motion to dismiss or transfer venue in the District Court for the Central District of California, Defendant's counsel provided to Plaintiff's counsel two declarations that Defendant believes establish that central allegations and theories in the Complaint are not correct.  Defendant plans to submit those to the Court in support of its motion to stay and bifurcate discovery.

Accordingly, Defendant proposes the following deadlines:

A.    **Named Plaintiff Phase**

- Rule 26 disclosures:  30 days after ruling on motion to dismiss.
- Completion of discovery on Plaintiff's individual claim:  120 days after ruling on motion to dismiss
- Expert reports/disclosures:  60 before the close of discovery in this phase of discovery; 30 days for rebuttal

- Expert witness depositions:  120 days after ruling on motion to dismiss
- Daubert motions:  30 days after close of this phase
- Summary judgment:  30 days after close of this phase

B. **Class Phase**

- Completion of class discovery:  180 days after summary judgment ruling on named Plaintiff's claim
- Expert report reports/disclosures:  60 days before the close of discovery in this phase of the case; 30 days for rebuttal
- Class certification motion:  30 days after close of class discovery; 45 days for opposition; 14 days for reply
- Summary judgment:  30 days after close of discovery of this phase of the case
- Daubert motion:  30 days after close of discovery of this phase of the case

C. **Other**

- Joint Pretrial Statement:  21 days before trial
- Pretrial Conference date:  14 days before trial
- Trial:  60 days after Court rules on the last dispositive motion or class certification, whichever is later.  Expected trial length: 3-5 days depending on scope of remaining claims

Additional detail is found in the Parties' proposed scheduling order.

H. **Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).  The Parties have agreed to take responsible and necessary steps to preserve evidence relevant to the issues reasonably evidence in this action.

I. **Related Cases**

The Parties are unaware of any related actions.

Dated:  August 29, 2019	Respectfully submitted,

                                                   **BURSOR & FISHER, P.A.**

                                                   <u>   /s/ Blair E. Reed</u>

                                                 Blair E. Reed (admitted *pro hac vice*)
                                                 1990 North California Blvd., Suite 940
                                                 Walnut Creek, CA 94596
                                                 Telephone: (925) 300-4455
                                                 Facsimile: (925) 407-2700
                                                 Email:  breed@bursor.com

                                                 **LACY, PRICE & WAGNER, P.C.**
                                                 Michael R. Franz (BPR #: 031664)
                                                 249 N. Peters Road, Suite 101
                                                 Knoxville, TN 37923
                                                 Ph: (865) 246-0800
                                                 Fax: (865) 690-8199
                                                 mfranz@lpwpc.com

                                                 *Attorneys for Plaintiff*

Dated: August 29, 2019	Respectfully submitted,

                                                 HARRIS SHELTON HANOVER WALSH, PLLC

                                                 <u>*s/Emily Hamm Huseth*</u>
                                                 Brett A. Hughes, TBPR #18048
                                                 Emily Hamm Huseth, TBPR #29192
                                                 6060 Primacy Parkway, Suite 100
                                                 Memphis, Tennessee 38119
                                                 Telephone:   (901) 525-1455
                                                 bhughes@harrisshelton.com
                                                 ehuseth@harrisshelton.com

                                                 J. Todd Kennard  (State Bar No. 0068441)
                                                 (admitted pro hac vice)
                                                 JONES DAY
                                                 325 John H. McConnell Blvd., Ste. 600
                                                 Columbus, OH  43215-2673
                                                 Telephone:   (614) 469-3939
                                                 Facsimile:    (614) 461-4198
                                                 jtkennard@jonesday.com