IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DANIEL KISSICK, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.

AMERICAN RESIDENTIAL SERVICES, INC.,

        Defendant.

CASE NO. 2:19-cv-02459-SHL-tmp

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO STAY OR BIFURCATE DISCOVERY**

**INTRODUCTION**

Defendant American Residential Services, Inc. ("ARS" or "Defendant") seeks to stay discovery in this proceeding pending the resolution of its motion to dismiss, or in the alternative bifurcate discovery. But any such steps would be inappropriate at this time and at this stage of litigation. As courts in this Circuit and elsewhere have confirmed, a defendant cannot use a garden variety motion to dismiss under Fed. R. Civ. P. 12(b)(6) to trigger a stay of discovery. Moreover, the questions at issue in this case are the very sort that will be resolved through early and simple class-wide discovery. Bifurcation of discovery in this case would only result in undue delay and waste of judicial resources. Accordingly, Defendant's motion should be denied and this case should be allowed to progress in order to ensure expeditious resolution of Plaintiff's claims.

1

## ARGUMENT

I. **Discovery Should Not Be Stayed Pending A Ruling On Defendant's Motion To Dismiss**

Defendant argues this Court should stay discovery pending a ruling on its motion to dismiss. Def.'s Mot. at 2. That is wrong. Because Defendant's motion to dismiss does not raise any issue that could be substantially vitiated absent a stay of discovery, granting such a request pending resolution of Defendant's motion would be inappropriate and result in undue delay.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). "In deciding whether a stay of discovery is appropriate when dispositive motions are pending, the court should consider, among other factors, whether the pending motion will dispose of the entire case, whether discovery is necessary to gather facts in order to defend against a dispositive motion, and whether the party seeking the discovery will be prejudiced by the delay." *Raymond James & Assocs., Inc. v. 50 N. Front St., TN, LLC*, 2019 WL 3779533, at *1 (W.D. Tenn. June 25, 2019). "Indeed, if a motion does not raise an issue 'which would be substantially vitiated absent a stay' and there is no showing that the case will 'certainly be dismissed' then 'a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.' " *Blevins v. Premium Merch. Funding One, LLC*, 2018 WL 4501068, at *1 (S.D. Ohio Sept. 20, 2018)

(quoting *Williams v. New Day Farms, LLC*, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010)). This caselaw plainly supports Plaintiff's position.

First, Defendant argues that "the Sixth Circuit, this Court, and other courts have affirmed the granting of or granted motions to stay discovery in analogous circumstances." Def.'s Mot. at 8. That is wrong. Defendant's filing of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is insufficient to support a stay of discovery. *See* Motion to Dismiss (ECF No. 33). As another Court in this Circuit has observed:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. . . . **Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions**. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. **This would circumvent the procedures for resolution of such a motion.** Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Peters v. Credit Prot. Ass'n LP*, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal.1990)) (emphasis added); *see also* Fed. R. Civ. P. 26(d)(1) (permitting discovery after the parties' Rule 26(f) conference). Defendant has not cited a single case in which a court granted a motion to stay based on a pending 12(b)(6) motion. *See* Def.'s Mot. at 8 ("*Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive **subject matter jurisdiction**); *Gettings*, 349 F.3d at 305 (district court did not abuse discretion in staying

3

discovery pending resolution of **dispositive summary judgment motion**); *Burrow v. City of Memphis*, No. 05-2498, Dkt. 34 (W.D. Tenn. Feb. 8, 2006) (granting stay of case while appellate court reviews **issues in another case**); *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (stating that discovery should not be allowed while the court decides **threshold questions of immunity (summary judgment context)**") (emphasis added).  Accordingly, it would be inappropriate to stay discovery pending disposition of Defendant's motion.

Second, Defendant's motion to dismiss will not dispose of this case. *Raymond James & Assocs., Inc.*, 2019 WL 3779533, at *1.  As Defendant notes in its current motion, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery."  *Gettings*, 349 F.3d at 305 (quotation and citation omitted).  That is not the case here.  Additional discovery will be crucial to efficiently resolving this action.  As described in Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff has sufficiently alleged ARS acted in violation of the TCPA.  *See* Plaintiff's Opposition To Defendant's Motion To Dismiss (ECF No. 40), at 3-7.  Defendant's motion to dismiss merely raises factual questions that are premature at this juncture.  *Id.* at 3.  In fact, further discovery will be essential to resolving these and other core disputes.

Plaintiff alleges he received at least one call on December 12, 2018 from the telephone number (615) 239-0855 and that when that number was dialed back, a recording played stating "[t]hank you for calling ARS Rescue Rooter."[1]  Complaint ("Compl.") ¶¶ 10-11.  Meanwhile, Defendant contends it did not call Plaintiff in violation of the TCPA or contract others to do so on its behalf.  In support of this argument, ARS has provided a declaration of an employee of ReachLocal—a company that ARS admits it has contracted to provide marketing services—

---

[1] Since Plaintiff sent his initial demand letter to Defendant ARS on December 20, 2018, this telephone line has gone dead.

4

indicating that while marketing company ReachLocal owns and operates the telephone number at issue, it did not place any telemarketing calls to Plaintiff. *See* Def.'s Mot., Ex. A. Clearly, the Parties have conflicting information regarding issues at the core of this litigation that can only be resolved through further discovery (e.g. an exchange of call logs and information regarding telephone dialing systems). Accordingly, a stay of discovery in this case would only result in unduly delaying resolution of the threshold issue in this case and should not be permitted.

<u>Third</u>, ARS argues that if a stay of discovery were to be granted, "[t]here would be no burden on Plaintiff. The stay would not affect the resolution of the pending motion." Def.'s Mot. at 9. That is wrong. Plaintiff would be significantly prejudiced by any further delays in discovery. *New York v. Hill*, 528 U.S. 110, 117 (2000) (recognizing that "[d]elay can lead to a less accurate outcome as witnesses become unavailable and memories fade.").

As an initial matter, contrary to Defendant's contention that "Plaintiff had previously identified no TCPA cases that have been allowed to proceed in analogous circumstances," Plaintiff does not in fact bear the burden to demonstrate that a stay of discovery will prejudice him. Def.'s Mot. at 9. Rather, "[a] party seeking a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) bears the burden of demonstrating good cause." *Fantastic Graphics Inc. v. Hutchinson*, 2010 WL 475309, at *3 (E.D.N.Y. Feb. 8, 2010). Nonetheless, if discovery were to be stayed, Plaintiff will be inherently prejudiced by the undue delay from awaiting the Court's decision on ARS's retread motion to dismiss, upon which another federal court has already declined to rule. "Any plaintiff in the Federal Courts enjoys the right to pursue his case and to vindicate his claim expeditiously." *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). "The ability of courts to avoid undue delay is essential to assur[e] that justice for all litigants be neither delayed nor impaired." *In re Health Mgmt., Inc.*, 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 15, 1999). Here, a "stay will

undoubtedly serve to delay the ultimate resolution of what is expected to be a complex case. After plaintiff filed his lawsuit he had a right to expect an expeditious resolution. A stay of all or a portion of the case ... will impede this goal." *Forrest v. Corzine*, 757 F. Supp. 2d 473, 478 (D.N.J. 2010). Plaintiff has already been prejudiced by the transfer of this case to this District, and the attendant delays and costs associated therewith. Any further delay would be unduly burdensome. *Raymond James & Assocs., Inc.*, 2019 WL 3779533, at *1. Furthermore, the Requests for Production of Documents Plaintiff has served on Defendant sought to be efficient and thoughtful in seeking discovery, so that ARS's burden is not unreasonable.

## II.     Discovery Should Not Be Bifurcated

Defendant requests that "discovery should be bifurcated, with an initial phase of discovery that is limited to the following issues: (1) whether Defendant ARS placed any telephone call to Plaintiff Daniel Kissick's cellular telephone number; (2) whether ARS directed any other person to place any telephone call to Plaintiff Daniel Kissick's telephone number; and (3) the content of such calls." Def.'s Mot., n. 1, at 2. Doing so is unnecessary, would result in undue delay, and would needlessly complicate the course of this litigation.

Whether to bifurcate is left to the sound discretion of the trial judge. *Payne v. A.O. Smith Corp.*, 99 F.R.D. 534, 536 (S.D. Ohio 1983); *see also Hartley-Culp v. Credit Mgmt. Co.*, 2014 WL 4630852, at *2 (M.D. Pa. 2014) (applying the TCPA) ("There is no question that the Court, in its discretion, can bifurcate discovery under Fed. R. Civ. P. 42."). This standard applies to the issue of whether class-and merits-based discovery should proceed together, including in the TCPA context. *See, e.g.*, *True Health Chiropractic Inc. v. McKession Corp.*, 2015 WL 273188, at *2-3 (N.D. Cal. Jan. 20, 2015) (denying motion to bifurcate in a TCPA case where the court found: (1) a likelihood of overlap between class and individual discovery; (2) that bifurcation would result in a delay in filing motions for certification; and (3) the potential for complication

of issues caused by disputes and subsequent motions as to what discovery relates to the class, as opposed to the named plaintiffs); *Hines v. Overstock.com, Inc.*, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) ("[W]here discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."). Moreover, the moving party bears the burden of establishing that bifurcation is appropriate, and the decision to bifurcate is left to the Court's discretion. *Hartley-Culp*, 2014 WL 4630852, at *2-3.

Defendant has failed to meet its burden of demonstrating that bifurcation is appropriate. <u>First</u>, there is significant overlap between class and individual discovery in this action. *See, e.g.*, *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D.Cal.2014) ("[T]he merits/certification distinction is not always clear. Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."). For example, one of Defendant's core contentions is that, while it admits that its marketing vendor ReachLocal operates the number that made the calls at issue in this case, "ReachLocal used that telephonic number solely for inbound calls" and "ARS never contracted with ReachLocal to place *outbound* telephone calls on behalf of ARS." Def.'s Mot. at 5. Whether or not ReachLocal in fact made outbound calls to Plaintiff and other consumers can be determined through common evidence—namely, call logs related to the telephone number (615) 239-0855, the number which Defendant's marketing vendor ReachLocal operates and from which Plaintiff alleges he received telemarketing calls in violation of the TCPA. Accordingly, there is no need to bifurcate merits and class discovery. *Charvat v. Plymouth Rock Energy, LLC*, 2016 WL 207677, at *1-3 (E.D.N.Y. Jan. 12, 2016) ("In fact, bifurcation would have the opposite effect. Much of the discovery sought appears relevant to both the class and individual claims, including documents concerning Plymouth's telemarketing scripts, policies, contracts, practices and procedures, complaints received,

7

investigations of those complaints and audits of third-party providers, as this information is relevant to the issues of both vicarious liability for third-party conduct and willfulness.").

<u>Second</u>, bifurcation would undoubtedly result in the needless expense of judicial resources, undue delay, and significantly prejudice Plaintiff.  Defendant contends that the issue of whether ARS called Plaintiff in violation of the TCPA could be dispositive of the case and thus should proceed first.  However, as another court recently explained, "that position is untenable and unfair."  <u>Wilson v. Quest Diagnostics Inc.</u>, No. CV 2:18-11960, slip op. at 6 (D.N.J. Aug. 22, 2019).  Furthermore,

> The Court should not allow one side to pick one defense of its choosing, limit discovery to that issue, and then presumably try a summary judgment motion. Both sides have a right to discovery. Further, if the ensuing summary judgment motion was denied, the case would just be starting and there would likely be subsequent rounds of dispositive motion practice – a completely impractical approach. Also, Defendant's argument that considering its chosen issue first would dispose of the case could be (and often is) made in every case.  However, allowing that approach to case management would not only be unfair to plaintiff, it would wreak havoc on the docket, extending resolution of cases for years.  For example, following a motion on the [issue of whether Defendant made the calls at issue to Plaintiff], one would assume Defendant (and perhaps Plaintiff) would seek to make additional, merits-based summary judgment motions after the close of fact discovery. Generally, one round of summary judgment motions following the close of discovery is the Court's practice.  And nothing in this case suggests that it is unique or different such that it should be permitted two different dispositive motions before any discovery is taken.  For that reason, bifurcation will only delay the disposition of the entire case, and therefore, is contrary to judicial economy.

Id. at 6-7.

Moreover, Plaintiff has served targeted discovery requests on Defendant (comprising categories of documents which should be held in the regular course of business, including call logs, information as to the dialing equipment, information regarding Plaintiff's specific claim). <u>Charvat v. Plymouth Rock Energy, LLC</u>, 2016 WL 207677, at *1-3 (E.D.N.Y. Jan. 12, 2016)

8

("Initially, the Court notes that Plaintiff served only 36 document requests and 18 interrogatories, neither of which can be characterized as voluminous."). Any issues Defendant may take with these requests can easily be addressed through the meet and confer process—bifurcating discovery on these questions will only result in inefficient and duplicative work for both Parties and needlessly expend judicial resources. Contrary to Defendant's assertion, bifurcation will in fact increase litigation expenses and unnecessarily protract discovery. For example, it will require that Plaintiff and Defendant's witnesses be deposed multiple times regarding when and how the calls at issue were made. Defendant has no real basis for so protracting discovery other than its displeasure in having to proceed with class discovery. That is not a valid basis for bifurcation, as this Court has already exercised its gatekeeping function in denying Defendant's motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1950 (2009).

Third, rather than streamlining this process, bifurcating discovery in this matter will only result in additional and unnecessary litigation. *See True Health Chiropractic*, 2015 WL 273188, at *2 (recognizing the "slew of issues" that would arise from bifurcation discovery concerns); *True Health Chiropractic Inc v. McKesson Corp.*, 2015 WL 273188, at *1-3 (N.D. Cal. Jan. 20, 2015) (finding "bifurcation has the potential to complicate this litigation further, even if the named plaintiffs are not adequate class representatives. And if the named plaintiffs are adequate class representatives, bifurcation will not have streamlined anything or otherwise served the interest of judicial economy.").

*Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, 2014 WL 413534 (D.N.J. Feb. 4, 2014), which Defendant offers in support of its argument bifurcation in the TCPA context, is inapposite. Crucially, the court's decision to bifurcate in that case was predicated on unique factual issues not present here. Critically, the court in *Physicians Healthsource* noted that the "faxes at issue were sent in the Spring of 2008, nearly four years before Plaintiff elected to file

9

suit. If evidence preservation and the elapse of time were a substantial concern, one would have expected this case to have been filed more expediently." *Id.* at *4. Here, by contrast, Plaintiff filed his initial Complaint just three months after the offending call(s) were received. Thus, the prejudice inquiry weighs in favor of Plaintiff. Further, *Physicians Healthsource* involved a unique procedural posture. Prior to filing its motion to stay discovery, the defendant in *Physicians Healthsource* had already prevailed on its motion to dismiss. As the Court explained, the plaintiff subsequently:

> moved for reconsideration or in the alternative to file an amended Complaint. The District Court denied Plaintiff's motion for reconsideration and found that Plaintiff's proposed amended complaint failed to state a claim under the TCPA. Nevertheless, the District Court permitted Plaintiff to file an amended pleading, albeit not in the form attached to the motion for reconsideration. Plaintiff filed its Amended Complaint on June 26, 2013, over 14 months after the initial Complaint was filed.

*Id.* Under those unique circumstances, the court determined bifurcation was warranted and would not cause prejudice to the parties. Here, by contrast, Plaintiff filed his complaint promptly and Defendant's motion to dismiss remains pending. As such, there is no reason to bifurcate these proceedings and create unnecessary delays.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to stay, or in alternative, to bifurcate discovery, in full.

Dated: September 12, 2019    Respectfully submitted,

**BURSOR & FISHER, P.A.**

 */s/ Blair E. Reed*

Blair E. Reed (admitted *pro hac vice*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455

Facsimile: (925) 407-2700
Email:  breed@bursor.com

**LACY, PRICE & WAGNER, P.C.**
Michael R. Franz (BPR #: 031664)
249 N. Peters Road, Suite 101
Knoxville, TN 37923
Ph: (865) 246-0800
Fax: (865) 690-8199
mfranz@lpwpc.com

*Attorneys for Plaintiff*